The next case is United States v. Rivera-Santiago. Good morning, may it please the court, I'm Clinton Calhoun, this is a criminal matter. And it grows out of a sentencing in a violation of supervised release proceeding. The appellant in this matter admitted to a violation of his supervised release. He had been released from prison some months earlier and got into a new set of problems. So he admitted his violation and was sentenced on that by the district court to 21 months in prison, which so far so good. But then the district court made that 21 month sentence consecutive to a state sentence, a state sentence that the appellant was not serving at the time, and in fact had not even been imposed at the time of the federal sentencing. What was wrong with doing that? How was that an error? Well, in a couple of ways, your honor. First of all, the common thread running through the arguments that I'm making are that violation proceedings are different from criminal cases. The focus there is different. The standard of proof is different. And it should be no surprise then that sentencing rules are different. One of the errors is that there is a pretty specific guidelines policy statement, I don't know if you'd call it a bright line, but it's pretty clear that any term of imprisonment that is imposed in a violation proceeding has to be consecutive to a term of imprisonment that the defendant is serving. And just to make sure that point has been made clear, it's repeated in the application notes of the guideline policy statement. This is under 7B1.3F. The problem here, and the reason it's an error, is that Rivera wasn't serving any sentence of imprisonment. Well, but Mr. Calhoun, that policy statement is silent as to what should be done in the case that we have before us. It says if he's already serving the state sentence, it must be consecutive. I take it that means that in this situation, that policy statement does not apply, and so it is not mandatory under the policy statement for the sentence to run consecutively. But why would you think that somehow there's an implicit prohibition on making it consecutive in this circumstance? Well, just from the words of the policy statement, Your Honor, it says any term of imprisonment imposed, which seems to cabin us into a fairly small area where a consecutive sentence can be imposed. But it doesn't say that. It says any term of imprisonment imposed must be consecutive in certain circumstances. Now, whether that's really binding or not, it probably isn't binding, but that's what they say, right? Well, I mean, the language is what it is, but perhaps I read it a little differently from Your Honor, but apparently... But why? I mean, that's it. This is your chance to tell me why I should read it your way. Well, I was focusing, I guess, and looking at the very first words of the policy statement, and by the way, I do have a second argument if I do want to get to, but it does say that any term of imprisonment imposed, and so I, you know, and again, this is... It seems like you need a second sentence. I mean, you want it to have a concluding clause that says something like, otherwise the sentence should be concurrent, and it doesn't have that clause, and without it, it really doesn't seem to prohibit what you want it to prohibit. Well, I mean, certainly if there was another... If the defendant is not serving a sentence, then I don't know if a concluding sentence would be necessary or not. If there's nothing to run it concurrent or consecutive to, but here in the words of this policy statement, and I understand Judge Lynch's point, but it does say that any term of imprisonment imposed on a violation and has to be consecutive. If it is to be consecutive, it has to be consecutive. I don't happen to know, Mr. Calhoun. I don't, I'm afraid. It just occurred to me. I should have researched this. Whether that policy statement was written before or after the Supreme Court's decision in Setzer? Because if it was before, then maybe they were just assuming that there was no possibility of imposing a consecutive sentence, consecutive to something that did not But then the Supreme Court changed the rule. Right. We can look that up. Setzer came along in 2012. I do know that. I don't know if this policy statement predates that or not, but Setzer did. But your other argument does go to Setzer. It does. And let me move on to that. As your Honor indicated, the law previous to Setzer was that anticipated sentences, sentences not yet imposed were beyond the district court's authority to run consecutive to a new sentence. Now, my argument with respect, and of course, Setzer then came along and unsettled the law. Setzer, I will note this, that it did not, it dealt with a criminal case, but not a violation proceeding. Well, it just dealt with the reverse circumstance where the criminal sentence was made consecutive to the violation sentence rather than the reverse. Yes, it was. It's the exact reverse. And in fact, it's the reverse of Donoso, which was the earlier case that spoke of the earlier law in the circuit, at least where district courts were not given the authority at that point to run sentences. So the point is, why should that make a difference to this timing issue? After all, I understand the point you were making at the beginning, that the purposes of violations are not directly punitive. On the other hand, notwithstanding that, the policy statement says they want ordinarily to be consecutive, at least where there is already an extant criminal sentence. So that would seem to suggest that the rationale of violation sentences does not militate against consecutive sentences in this circumstance. Not in all circumstances. And in fact, it's provided for in the policy statement we were just speaking of. But I think where a defendant has not been sentenced on a, in this case, a state case, he hasn't received his sentence yet, and isn't serving it, it just looks like to me that the for reaching, again, in a violation proceeding, that distinction is important, to make a consecutive term to impose that on a defendant, particularly in a case and on a sentence that hasn't even been the authority is there, unless it's a broad authority that district courts in all cases, all matters of a criminal nature, have the authority to make sentences concurrent or consecutive or partially one way or the other. I just haven't seen that kind of authority. Setzer didn't deal with it. I mean, they dealt with a criminal proceeding, but did not get into a violation type of setting. And certainly Denoso had been around for a number of years, could have been addressed. I mean, the Supreme Court could have spoken more broadly, I suppose, than it did, but it didn't. And as far as I can tell, it left intact the Denoso holding as it applies to violation proceedings. So that's the second part of the argument that, you know, you're still dealing here with an anticipated sentence, not one that has been imposed. It's not a Setzer case. It's different. Setzer was a criminal matter. Thank you, Mr. Calhoun. We'll hear from Ms. Richards. Thank you. May it please the court. Monica Richards on behalf of the United States of America at Pelley. Here, I dispute the fact that there was any error, plain or otherwise, in issuing the sentence of 21 months on the supervised release violation to be served in addition to the anticipated state sentence. The sentence was procedurally and substantively reasonable, and the district court acted well within its considerable sentencing discretion when it issued the sentence. As was noted, the judge did not rely on the sentencing guidelines cited by my colleague 7B1.3b in imposing that sentence. There was no mention of that in the sentencing transcript. The defendant at that point in time, notably and presumably because at that point in time, defendant was in primary state custody on the day of the federal sentencing. And it's indicated throughout this proceeding that he had been subject to writs of transportation to be able to proceed or to appear rather in the federal court proceeding. So, and even at the sentencing, even at the proceeding, which was a combined plea and sentencing itself, defendant's attorney noted that he was in state custody, that it was anticipated that he would be serving the seven-year sentence. He had already been, he'd already pled guilty, and that was part of their guilty plea process in the state proceeding. And when the defendant's counsel went so far as to ask for a sentence of time served, the district court considered it but denied it. Notably there, the defense attorney did not ask for a concurrent sentence. It was, as I said in my brief, no surprise to anyone that this was going to be consecutive. And I think maybe what I missed, and I think what my colleague has missed, but I missed as well, is that it's important that he was in state custody at the time that he was sentenced, pled guilty and sentenced in the federal matter. So that fact dictated what followed. This judge- Did the district judge know what sentence would be imposed at the state level at the time of this proceeding? He did, your honor, yes. And how did he know that? It was, the information was provided during the proceeding by defense counsel. In the transcript, I can cite your honor to page A55 of the appendix. Defense counsel states he's presently in primary custody, he has not been rolled over into primary federal custody. Cites the date that he came into state custody, which was earlier in January, January 2019. And actually then that's when he made the request that in anticipation of the fact that he would be serving a seven-year sentence on the state proceeding- Was that pursuant to a plea deal in state court? Yes, your honor. So that was in fact, right, formed the basis for the request, was the basis for the request for a time served sentence, was that he was anticipated to have seven years on a state sentence with supervised release under the state system to follow. And the judge considered it, but explicitly rejected it. The judge stated that he thought it was, he considered the policy statements of chapter seven, again, not specifically relying on 7B1.3F, but stated he considered the policy statements as well as the factors in 3583E, that's in page A57 of the record, and revoked, specifically revoked his term of supervised release, being mindful this entire time that this proceeding occurred because it was a supervised release violation. So first supervised release was revoked, and the additional sentence of 21 months was imposed. We've talked a lot about in our briefs, and again, this is my error as well, but to the extent that we got caught up on the concept of whether it was consecutive or concurrent, I think the fact remains the important fact, the most important fact is that he was in primary state custody. So the sentence would be conserved consecutive in addition to any state sentence, consecutive only because he was already in primary state custody. Are you, are you continuing to rely on your briefing, you relied in part on the appeal waiver as a basis to resolve this. Are you continuing that, or do I take it you're no longer making that argument? I could, but I don't need to, Your Honor. The court, I suggest, doesn't need to. The court could step over that and proceed to the second step. The government acknowledged in its brief that the plea agreement itself does not set forth whether the sentence would be consecutive or concurrent. And again, now, now I realize that that's because of the primary state custody situation, but I'm not going to, I'm not going to make any further comments. We do seem to have case law that suggests in that context, the appeal waiver is not specific enough for us to rely on. Because precisely because it doesn't. Right, only because the argument in the way it was raised, Your Honors. I mean, I, I. Well, but the plea, the plea agreement doesn't, the plea agreement talks to the length of the sentence. It doesn't talk about consecutive or concurrent. And by my count, we've got two published opinions and a summary order, all of which say that in that circumstance, the plea waiver, the appeal waiver does not cover objections to whether it was consecutive or not. I really do not mean to sound like I'm arguing, Your Honor, with that point, but I do believe that's because there was no sentence at that point. And that does go to my colleague's point that there was no sentence as of yet imposed, which is why this 7B1.3. So this judge was with the court that it was not addressed in the plea agreement. But again, I now understand, and I did not say it as fully in my brief as I might have, that it was because he was in primary state custody. So that was going to necessarily be. Why is it going to be necessarily consecutive in that circumstance? The judge made a decision to make it consecutive. There was an argument about whether it could be made concurrent. Why couldn't it have been made concurrent? There was no argument before the district court about whether it would be made concurrent, Your Honor. The only thing that his attorney requested was a time served sentence. But the judge said consecutive. The judge could have said concurrent, couldn't he? I know, but that's the problem. That's what I was suggesting to the court with regard to whether or not it was in addition to a sentence, a specific sentence for the violation or because, again, he's in primary state custody. It's just by operation of procedural and function going to happen that it would be consecutive. That didn't even need to be prohibited from saying it's going to be concurrent with the sentence to be issued in state court. He could have, but he didn't. It wasn't asked for that. So I'm saying I don't understand. Well, I guess I just don't understand the point. So we'll probably move on. I again, Your Honor, would suggest to the court, I do not. I'm not. I'm suggesting to the court that it can step over the plea waiver provision. I agree that it was not addressed specifically how this would be handled. But with regard to the sentence that was imposed, there was no abuse of discretion here. It was a reasonable sentence procedurally. The sentence was imposed in agreement with the statutes, in agreement with the applicable prior case law. I would note, Your Honor, correctly did it. Judge Lynch, Your Honor, did correctly know or figure that out, that it was the policy statement was written before Setzer, the last modification of that policy statement that my guidelines book shows was 2009. And my colleague's correct that Setzer was issued in 2012. So where there's no inconsistency with any other statute, the policy statement, case law, the sentences that was imposed was procedurally reasonable. And I don't think there's any argument that it was substantively unreasonable and that it was a mid-range sentence. In the 18 to 24 month range, it was imposed at 21 months. And again, the district court explicitly acknowledged it was imposing a mid-range sentence because he was aware of the fact that this other sentence would be imposed by the state court. Unless there's further questions, I'd rest on my brief. We'll hear rebuttal. Thank you. Yes, just a few points in rebuttal. I may be missing the point, but as far as who had custody of the body of the appellant at any particular time or at the time of his sentencing, I'm not sure that that is as significant as the timeline of when sentences were imposed and what was still open at the time. Obviously, he was standing in front of a federal judge. He may have been written in from the state for purposes of that, but there's no requirement in terms of marking the writ satisfied and returning him. The federal judge, Judge Villardo, could have very well remanded him to the custody of the marshals to begin service of his federal sentence. So the issue of in whose custody he was at the time, I don't think it is as important as the actual sentence that was imposed by the district court and the sentence that had not yet been imposed by the state court. I will say that at the time of his federal sentence, the whole issue of concurrency and consecutive sentences, that just wasn't raised or argued at all. That came upon an appellant when he heard what his sentence was going to be from the district court. But the district court had not asked for argument on that question. He hadn't made any specific reference to the policy statement that was pointed to earlier. It just wasn't an issue at the time until the actual sentence was pronounced. Again, I think as my adversary acknowledged, it wasn't a subject in the plea agreement that was entered into with the government. There's nothing in there about consecutive time versus concurrent. There was nothing in the plea agreement either about the use of a state sentence, particularly one that had not yet been imposed. I think my adversary gives the court more discretion in terms of sentencing, particularly in the use of an anticipated state sentence to make for concurrent time more discretion than I see either in the policy statement or in CETSR. I think that portion of the sentence that was imposed by the district court was an error and asked the sentence therefore be set aside. Thank you both. We will take the matter under advisement. Thank you. Thank you.